ON APPLICATION FOR REINSTATEMENT
I,PER CURIAM.
Petitioner, Robert Sharp, Jr., was suspended from the practice of law for a period of one year and one day stemming from his assistance to a client in the initial stages of a scheme to induce the victim in an underlying criminal proceeding to drop charges against the client in exchange for the payment of money. In re: Sharp, 01-1117 (La.12/7/01), 802 So.2d 588. Following the completion of the suspension, petitioner filed an application for reinstatement with the disciplinary board, alleging that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC concurred in petitioner’s application for readmission.
By agreement of the parties, the matter was submitted to the disciplinary .board on documentary evidence, which included items showing petitioner’s compliance with the reinstatement requisites. Following its consideration of the evidence, the disciplinary board concluded petitioner satisfied his burden of proving by clear and convincing evidence that he satisfied the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E).[1] Based on its findings, the board recommended that petitioner be reinstated to the practice of law.
| ^Following our review of the record, we conclude petitioner has satisfied the requirements for reinstatement to the practice of law. Accordingly, we will grant the petition for reinstatement.[2]
DECREE
Upon review of the findings and recommendation of the disciplinary board, and *978 considering the record, it is ordered that Robert W. Sharp, Jr., Louisiana Bar Roll number 11973, be immediately reinstated to the practice of law in Louisiana.

. The board noted that petitioner had technically not complied with Supreme Court Rule XIX, § 24(E)(7), which requires that the attorney satisfy his mandatory continuing legal education requirements "for the year of reinstatement or readmission,” because he had not completed his requirements for 2003. However, the board observed that because the petition was filed in early January, 2003 and because petitioner had completed his 2002 requirements, his failure to complete his 2003 requirement "should not serve as an impediment to his reinstatement.”

. As noted earlier, the record does not indicate that petitioner has completed his 2003 mandatory continuing legal education requirements. The board suggested we require petitioner to complete these requirements as a condition of his reinstatement. We decline to impose a formal condition, as petitioner is already mandated to comply with these requirements under Supreme Court Rule § 30.